UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AZAT MATKERIMOV,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, et. al.,

Respondents.

Case No.: 26-cv-1287-BJC-MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING EMERGENCY MOTION AS MOOT**

Azat Matkerimov, a citizen of Kyrgyzstan, encountered Border Patrol on or about December 23, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 1-3 at 2.[1]  After determining he was not a threat to national security or public safety, he was released on an "Order of Recognizance." *Id*. at 3.  DHS initiated removal proceedings by serving Petitioner with a Notice to Appear on December 29, 2022. ECF No. 1-2.  On January 14, 2026, Petitioner was detained by DHS.  ECF No. 5-1 at 4. At the time of his arrest, Petitioner possessed a current Employment Authorization, and

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

1

26-cv-1287-BJC-MSB

had a master calendar hearing scheduled for October 29, 2026. *Id.* He is currently detained at the Imperial Regional Detention Facility. ECF No. 1 ¶ 12.

On February 28, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing schedule and issued a limited stay on March 2, 2026. ECF No. 4. Respondents filed a return to the amended petition on March 9, 2026. ECF No. 5. On March 16, 2026, Petitioner filed a traverse. ECF No. 6. Petitioner filed a motion to supplement the Court's status quo order. ECF No. 7.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends Respondents have failed to provide constitutionally adequate process and his re-arrest and re-detention violated his right to due process. ECF No. 1 ¶¶ 31-62. Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Under applicable regulations, parole[2] is "terminated upon written notice

---

[2] Generally, "release on recognizance" during immigration proceedings, is "conditional parole." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT

to the [noncitizen]." 8 C.F.R. § 212.5(e)(2).   Petitioner contends, and Respondents do not dispute that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  Petitioner's emergency motion is DENIED as moot. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  March 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge

SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

26-cv-1287-BJC-MSB